# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANGELA TERESA SPRIGGS,<br>                    Appellant, | DOCKET NUMBER<br>DC-0752-22-0038-I-4 |
| v. | |
| DEPARTMENT OF<br>    TRANSPORTATION,<br>                    Agency. | DATE:  February 20, 2025 |

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Angela Teresa Spriggs</u>, Owings, Maryland, pro se.

<u>Samuel Pinsky</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal for failure to prosecute. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed by the agency as an FV-343/I Management & Program Analyst. *Spriggs v. Department of Transportation*, MSPB Docket No. DC-0752-22-0038-I-1, Initial Appeal File (IAF), Tab 4 at 7. On October 22, 2021, the agency removed the appellant for failure to follow instructions and absence without leave. *Id.* at 7-8. She filed an appeal challenging her removal on the same day. IAF, Tab 1. In her initial appeal, the appellant explained that she is no longer able to perform her duties because she had spinal surgery and suffers from severe pain as a result. *Id.* at 5.

On October 25, 2021, the administrative judge issued an acknowledgment order, which, in relevant part, notified the parties that "[i]f any party fails to follow [his] orders or the Board's regulations, [he] may impose sanctions pursuant to 5 C.F.R. § 1201.43." IAF, Tab 2 at 2. Explaining that the appellant previously applied for disability retirement benefits with the Office of Personnel Management (OPM) and that application was pending at the time she filed her initial appeal, the agency moved to dismiss the appeal without prejudice to refiling, arguing that "if [the a]ppellant's disability retirement application is granted, it will obviate the instant appeal." IAF, Tab 4 at 4-5. The appellant did not oppose the motion, and on November 12, 2021, the administrative judge dismissed the appeal without prejudice for 180 days subject to automatic refiling. IAF, Tab 6. The appeal was refiled and dismissed without prejudice two more times before automatically being refiled on May 22, 2023. *Spriggs v. Department of Transportation*, MSPB Docket No. DC-0752-22-0038-I-2, Appeal File (I-2 AF), Tabs 1, 5; *Spriggs v. Department of Transportation*, MSPB Docket No. DC-0752-22-0038-I-3, Appeal File (I-3 AF), Tabs 1, 3; *Spriggs v. Department of Transportation*, MSPB Docket No. DC-0752-22-0038-I-4, Appeal File (I-4 AF), Tab 1.

On May 24, 2023, the administrative judge issued an acknowledgment order, ordering the parties "to appear for a telephonic status conference to be held on May 30, 2023." I-4 AF, Tab 2 at 2. When the appellant did not appear for the conference, the administrative judge attempted to reach her via email and by telephone. I-4 AF, Tab 3, Tab 4 at 1. He also left a voicemail requesting she "call [him] as soon as possible." I-4 AF, Tab 4 at 1. On May 31, 2023, when the appellant did not respond to his various attempts to contact her, the administrative judge ordered the appellant to submit a "written statement providing good cause for her failure to comply," and ordered her to appear for a second telephonic status conference on June 7, 2023. *Id.* at 1-2. The administrative judge once again warned the appellant that if she "fail[ed] to comply with these orders, [he] will consider sanctions up to an[d] including the dismissal of her appeal for failure to prosecute." *Id.* at 2.

The appellant did not appear for the second status conference, and the administrative judge issued an order to show cause, stating "based on the appellant's repeated failure to comply with Orders and directives, it appears that the appellant has abandoned this appeal[,] and it should be dismissed for failure to prosecute." I-4 AF, Tab 5 at 2. The administrative judge ordered the appellant to respond to the Order to Show Cause by June 14, 2023, and warned "[if] the appellant fails to timely comply with this Order, this appeal **WILL BE DISMISSED** for failure to prosecute on June 15, 2023." *Id.* at 3 (emphasis in original).

On June 15, 2023, when the appellant did not respond to the order to show cause, the administrative judge issued an initial decision, which dismissed the appeal for failure to prosecute. I-4 AF, Tab 6, Initial Decision (ID). He found that the imposition of the sanction of dismissal was warranted because "the record demonstrate[d] that the appellant has failed to comply with numerous orders and/or directives to include an Order to Show Cause that informed her that this appeal

would be dismissed for failure to prosecute in the absence of a timely response." ID at 4.

The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. She argues that she "diligently checked [her] email" and did not understand how she missed all the notifications regarding her appeal. PFR File, Tab 1 at 2. She also states that she called the regional office, and it confirmed that it had her correct email on file. *Id.* The agency has filed a response stating that it does not oppose the petition for review and it "supports the case being reopened." PFR File, Tab 3 at 4.

### DISCUSSION OF ARGUMENTS ON REVIEW

The sanction of dismissal with prejudice may be imposed if a party does not prosecute or defend an appeal, as necessary to serve the needs of justice. *Gordon v. Department of the Air Force*, 104 M.S.P.R. 358, ¶ 4 (2006); 5 C.F.R. § 1201.43(b). Such a severe sanction should be imposed only if a party has not exercised basic due diligence in complying with the Board's orders or has exhibited negligence or bad faith in its efforts to comply. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶¶ 7-8 (2011). Additionally, an appeal should not be dismissed with prejudice for failure to prosecute when a pro se appellant has made incomplete responses to the Board's orders but has not exhibited bad faith or evidenced any intent to abandon her appeal. *Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 8 (2000). Absent a showing of abuse of discretion, the Board will not reverse an administrative judge's determination regarding the imposition of dismissal for failure to prosecute. *Williams*, 116 M.S.P.R. 377, ¶ 7.

Here, we find that the administrative judge abused his discretion. While the appellant did not appear for two status conferences or submit an explanation for her absences, under all of the circumstances of this appeal, we find that the sanction for failure to prosecute is too severe. *Chandler*, 87 M.S.P.R. 377, ¶ 8. To begin, the time between the appellant's absence at the first scheduling

conference and the administrative judge's dismissal of her appeal was remarkably short, only 16 days. I-4 AF, Tabs 2, 6. This is after the appeal had been dismissed without prejudice subject to automatic refiling three times—covering a period of a year and a half—while the appellant's disability retirement application was being processed by OPM. IAF, Tabs 4, 6; I-2 AF, Tabs 1, 5; I-3 AF, Tabs 1, 3. The agency consented to each of those dismissals, indicating that the extended time needed to adjudicate this appeal did not prejudice the agency.

Further, we find that the appellant did not intend to abandon her appeal or fail to exercise due diligence. *Williams*, 116 M.S.P.R. 377, ¶ 7; *Chandler*, 87 M.S.P.R. 377, ¶ 8. On review, the appellant stated that she "diligently checked [her] email" for updates regarding her appeal and that she called the regional office to confirm that her correct email address was on file. PFR File, Tab 1 at 2. Further, she timely filed a petition for review. I-4 AF, Tab 6 at 5-6; PFR File, Tab 1; *see Reggans v. U.S. Postal Service*, 3 M.S.P.R. 260, 262 (1980) (finding that an appellant filing a timely petition for review indicates that she did not intend to abandon her appeal).

Additionally, there is nothing in the record to support a finding that the appellant acted in bad faith by not responding to the administrative judge's orders. Finally, as observed previously, in its response to the petition for review, the agency stated that it "supports the case being reopened." PFR File, Tab 3 at 4. Under these circumstances, we find that the sanction of dismissal for failure to prosecute is too severe.

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.[2]

FOR THE BOARD:                         _Gina K. Grippando_
                                       _____
                                       Gina K. Grippando
                                       Clerk of the Board

Washington, D.C.

---

[2] On remand, the administrative judge should, among other things, ascertain the status of the appellant's disability retirement application and the effect of any determination by OPM on the appellant's appeal.